UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
CROMWELL CLEMENTE, *an infant under the age of 14 years by his sister and legal guardian*, TYEISHA ALSTON,

               Plaintiff,

- against -

THE BOARD OF EDUCATION OF THE
CITY OF NEW YORK, et al.,

               Defendants.
------------------------------------------------------X

**MEMORANDUM AND ORDER**

02 CV 3963 (CLP)

On July 11, 2002, plaintiff Tyeisha Alston filed suit on behalf of the infant plaintiff, Cromwell Clemente, seeking damages from the New York City Board of Education (the "BOE"), the City of New York (the "City"), Jeanette Reed, principal of the infant plaintiff's school, JHS 217, and Mr. Jackson,[1] assistant teacher at JHS 217, pursuant to 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments of the United States Constitution. Plaintiffs allege that, on several occasions in March 2002, Mr. Jackson physically attacked the infant plaintiff, causing the infant plaintiff physical and mental harm. Plaintiffs further allege that the infant plaintiff, who should have been in sixth grade at the time, was placed in an eighth-grade class with the consent of Ms. Reed, the City, and the BOE, thereby subjecting the infant plaintiff to beatings and assaults from older students.

The parties have reported to the Court that they have agreed to settle this action for the

---

[1] The Complaint does not list Mr. Jackson's first name but refers to him simply as "Mr. Jackson." (See Compl. ¶ 1).

sum of $8,500.00 in return for dismissal of plaintiffs' claims. (See Stip. ¶¶ 2-3).[2] Within thirty days of receipt of the infant plaintiff's share of the settlement, Ms. Alston will purchase a certificate of deposit in the name of the infant plaintiff in the principal amount of $4,290.66.[3] (Id. at ¶ 2). The funds will be deposited in an interest-bearing account at the North Fork Bank, 146-21 Jamaica Avenue, Jamaica, New York 11435. (See Pls.' Letter of June 16, 2005). Plaintiffs' counsel requests attorney's fees in the amount of one-third of the total settlement amount in addition to his expenses. (See Schatkin Aff. ¶ 5).[4] Since the plaintiff is an infant, this settlement must be reviewed by the Court to determine whether the amount of the settlement is fair, whether the distribution of the settlement proceeds will protect the interests of the infant plaintiff, and whether the attorneys' fees sought are reasonable. See Local Civil Rule 83.2(a); N.Y. C.P.L.R. §§ 1205-1208; N.Y. Jud. Law § 474.

Pursuant to Local Rule 83.2(a) and in conformity with Section 1208 of the New York Civil Practice Law and Rules, this Court held a hearing on June 8, 2005 to determine the reasonableness and propriety of the proposed settlement of the infant's cause of action and to determine the reasonable fees and expenses incurred by plaintiffs' attorney in prosecuting this action on behalf of plaintiffs. At that time, plaintiffs' attorney appeared before the undersigned, along with counsel for defendants, seeking a Court order authorizing the settlement of the above-

---

[2] Citations to "Stip." refer to the Proposed Stipulation and Order of Settlement and Discontinuance, dated June 8, 2005, jointly submitted by plaintiffs' and defendants' counsel.

[3] Since the Court is ordering that attorney's fees be calculated after expenses have been deducted from the total settlement amount, see discussion infra at 6-8, the amount to be awarded to the infant plaintiff totals $4,749.33, not the proposed $4,290.66.

[4] Citations to "Schatkin Aff." refer to the Affidavit of Andrew J. Schatkin, Esq., in support of the proposed Order of Compromise, dated April 22, 2005.

captioned action for the sum of $8,500.00. (See Tr. at 4).[5] Mr. Clemente appeared with his guardian, Ms. Alston. In support of the proposed settlement, plaintiffs also submitted affidavits from plaintiffs' counsel and from Ms. Alston, on behalf of the infant plaintiff. At that time, both Ms. Alston and Mr. Clemente, who is now fourteen years of age, indicated that they understood and agreed to the terms of the proposed settlement. (See Tr. at 8-10).

For the reasons stated below, the Court finds that the settlement is fair and reasonable; that the provisions made for securing the funds are appropriate and will adequately protect the infant plaintiff's interest; and that the attorney's fees as calculated in accordance with the formula described herein are also reasonable. Accordingly, the Court approves the proposed settlement.

## DISCUSSION

A. <u>Fairness of the Total Settlement Amounts</u>

There is no bright-line test for concluding that a particular settlement is fair. See, e.g., Newman v. Stein, 464 F.2d 689, 692-93 (2d Cir.), cert. denied, 409 U.S. 1039 (1972). Rather, the court must determine whether the proposed settlement is "'fair, reasonable and adequate' by comparing 'the terms of the compromise with the likely rewards of litigation.'" Neilson v. Colgate-Palmolive Co., 199 F.3d 642, 654 (2d Cir. 1999) (quoting Maywalt v. Parker & Parsley Petroleum Co., 67 F.3d 1072, 1079 (2d Cir. 1995)). A strong presumption exists that a settlement is fair and reasonable where "(i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; [and] (iii)

---

[5] Citations to "Tr." refer to the Transcript of the infant compromise hearing held before this Court on June 8, 2005.

3

there has been sufficient discovery to enable counsel to act intelligently . . . ." Ross v. A.H. Robins Co., 700 F. Supp. 682, 683 (S.D.N.Y. 1988). There is no indication or suggestion of collusion in this case.[6] To the contrary, having supervised discovery, the Court is confident that plaintiffs and plaintiff's counsel agreed to this settlement only after extensive arm's-length negotiations. This Court finds that sufficient discovery was conducted to enable an intelligent analysis of the issues and the proposed settlement.

In considering a proposed settlement, the following factors may also be relevant:

> (1) the complexity, expense and likely duration of the litigation;
> . . . (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; . . . (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; [and] (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

City of Detroit v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir. 1974) (citations omitted). In applying these factors, a court should be mindful that it need "'not decide the merits of the case or resolve unsettled legal questions.'" In re McDonnell Douglas Equip. Leasing Sec. Litig., 838 F. Supp. 729, 739 (S.D.N.Y. 1993) (quoting Carson v. American Brands, Inc., 450 U.S. 79, 88 n.14 (1981)). Moreover, courts have held that under New York law, it should be presumed that the guardian or parent of the infant is acting in the best interests of the child and accordingly

---

[6] Plaintiffs' counsel states in his affirmation, in compliance with C.P.L.R. § 1208(b), that neither he nor his firm represents anyone besides plaintiffs who suffered a loss in the same occurrence, nor has he or anyone else in his firm received or will receive any compensation other than that applied for in connection with this settlement. (See Schatkin Aff. ¶ 5). Similarly, Plaintiff's guardian represented that she has no interests adverse to those of the infant plaintiff. (See Tr. at 8-9). This Court is satisfied that the infant's claim is not being sacrificed in any way and that counsel has represented his client with only the client's interests in mind.

deference should be given to the guardian or parent's decision as to the fairness of the settlement. See Sabater v. Lead Industries Ass'n, Inc., No. 00 CV 8026, 2001 WL 1111505, at *3-4 (S.D.N.Y. Sept. 21, 2001); Stahl v. Rhee, 220 A.D.2d 39, 45, 643 N.Y.S.2d 148, 153 (2d Dep't 1996).

Although the litigation in this case is not unduly complex, it has and is likely to continue to involve great expense to both parties. Apart from the potential expense of a trial in the case, the costs of retaining possible experts on plaintiff's damages and the nature of plaintiff's injuries, may alone exceed any amount plaintiff would be likely to recover even if successful at trial.

Moreover, according to the statements of Ms. Alston and of the infant plaintiff, it appears as though the infant has substantially recovered from the incident and there is no permanent disability of any nature as a result of the incident. (See Tr. at 3-4, 8). These findings are further supported by the fact that the infant plaintiff did not seek or receive extensive treatment after the incident. (Id. at 8). Thus, it appears that the infant plaintiff does not continue to suffer any permanent damage resulting from the incident.

Based on an evaluation of the circumstances of the case and the fact that the infant plaintiff seems to have made a full recovery from the injuries that were incurred, the Court finds that the sum of $8,500.00 is reasonable.

B. Investment and Maintenance of Minor's Funds

With regard to the disposition of settlement, plaintiffs' proposed order provides that the balance of the settlement remaining after deducting for attorney's fees is to be deposited in a separate account at the North Fork Bank, located at 146-21 Jamaica Avenue, Jamaica, New York

11435. (See Pls.' Letter of June 16, 2005; Order of Compr.).[7] The settlement further provides that the funds will be invested in an insured account yielding the highest rate of interest available consistent with the withdrawal date. The account shall be in the name of the infant plaintiff with his guardian, Tyeisha Alston, and an officer of North Fork Bank appointed as joint guardians over the account. There shall be no withdrawal of the funds from this account until the infant plaintiff reaches the age of 18, in the absence of an order from this Court. The North Fork Bank will act as fiduciary over the account, responsible for protecting the interests of the plaintiff, and will not charge fees for handling the account. Under these circumstances, this Court approves the proposed creation of an account on behalf of the infant plaintiff as specified in the order since it serves to "best protect the interest of the infant." Local Civ. Rule 83.2(a)(3).

C.  Attorney's Fees

The final issue to be determined by this Court is the reasonableness of the attorneys' fees sought by plaintiffs' counsel. Under N.Y. Judiciary Law § 474, the criterion for determining the appropriate amount of attorneys' fees to be awarded in the context of an infant compromise proceeding is "suitable compensation for the attorney for his service therein . . . in behalf of the said infant." See Werner v. Levine, 52 Misc. 2d 653, 655, 276 N.Y.S.2d 269, 271 (Sup. Ct. 1967). Although plaintiffs here have agreed to the amount of fees requested, "any agreement of the guardian is advisory only," Werner v. Levine, 52 Misc. 2d at 654-55, 276 N.Y.S.2d at 271, and "in the last analysis[,] the amount of the fee must be fixed by the court." Id. at 654, 276

---

[7] Citations to "Order of Compr." refer to plaintiffs' Proposed Order of Compromise, dated April 22, 2005, submitted by plaintiffs' counsel.

N.Y.S.2d at 271.

Plaintiffs' counsel represented – and Ms. Alston confirmed – that Mr. Schatkin was retained to pursue this action on behalf of the infant plaintiff. (See Schatkin Aff. ¶ 1; Alston Aff.).[8] At that time, it was agreed that plaintiffs' counsel would receive 33 1/3% of the amount recovered on behalf of the infant plaintiff plus costs. (See Retainer).[9] Plaintiffs' counsel filed the Complaint, hired an investigator, participated in discovery, negotiated the settlement, and appeared at conferences with this Court, including the infant compromise proceeding. This Court finds that given the amount of work involved, the requested attorney's fees of 33 1/3% is reasonable.

At the hearing, an issue arose as to whether counsel's fees were to be calculated based on one-third of the total settlement amount or one-third of the amount remaining after the deduction of expenses. (See Tr. at 9-10). When pressed by the Court, plaintiffs' counsel agreed that if the Court found that attorney's fees should be calculated after expenses were deducted, counsel would defer to such a finding. (Id.)

Although the legislature has not specifically addressed this issue as it pertains to an infant plaintiff in a Section 1983 action, the law is clear in other areas that attorney's fees should be computed after expenses have been deducted. See, e.g., N.Y. Jud. Law § 474(a)(3) (providing that "such percentages shall be computed on the net sum recovered after deducting from the

---

[8] Citations to "Alston Aff." refer to the Affidavit of plaintiff Tyeisha Alston, legal guardian of infant plaintiff Clemente, dated April 22, 2005.

[9] Citations to "Retainer" refer to the Retainer Agreement between plaintiffs' counsel and Eva Lovingood, the infant plaintiffs' previous legal guardian, recently deceased, dated March 20, 2002.

amount recovered expenses and disbursements for expert testimony and investigative or other services properly chargeable to the enforcement of the claim or prosecution of the action").

In light of the fact that the settlement amount is $8,500.00, the infant plaintiff would receive a significantly smaller percentage of the total settlement amount if attorney's fees are calculated before expenses are subtracted. Accordingly, this Court finds that plaintiffs' counsel is entitled attorney's fees in the amount of one-third of the total settlement amount after expenses have been deducted.

## CONCLUSION

Based upon a review of the submissions by plaintiff's guardian and plaintiff's counsel and the testimony of Ms. Alston and the infant plaintiff during the hearing, this Court finds the proposed settlement of $8,500.00 to be reasonable and proper. In addition, based on the affirmation of plaintiffs' counsel, coupled with counsel's representations on the record, this Court grants attorney's fees in the total amount of $2,374.66.

**SO ORDERED.**

Dated: Brooklyn, New York
July 6, 2005

/s/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge